# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOLAN JAMES FULCHER,<br><br>                      Petitioner,<br><br>  v.<br><br>MATT MARTEL, Warden, et al.,<br><br>                      Respondents. | Civil No.   08cv1213-H (AJB)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, accompanied by a Motion to proceed in forma pauperis. Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.

However, in accordance with Rule 4 of the rules governing § 2254 cases, the Petition is subject to dismissal because Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State

court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added).  <u>See</u> <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States."  <u>See</u> 28 U.S.C. § 2254(a).

Here, Petitioner claims that "[t]he trial court abused its discretion and violated my Due Process right to a fair trial and to prepare an adequate defense when it granted the prosecution's motion to file a second amended information at the beginning of the trial and denied my request for a continuance" (claim one), and "abused its discretion when it denied my motion for acquittal . . . " (claim two).  (Pet. at 6-7.)  In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  If Petitioner is referring to his federal Constitutional rights to due process and a fair trial, for example, he must explicitly identify the federal basis for such a claim.

Further, the Court notes that Petitioner may not simply be able to amend his Petition to state a federal habeas claim and then refile the amended petition in this case.  He must exhaust state judicial remedies before bringing his claims via federal habeas.  Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34.  Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated.  The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact

1  that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66
2  (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary
3  ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the</u>
4  <u>Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court."
5  <u>Id.</u> at 366 (emphasis added). If Petitioner has raised his claim in the California Supreme Court
6  as a federal claim he must so specify. The burden of proving that a claim has been exhausted
7  lies with the petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir.1981).

8  Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death
9  Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ
10 of habeas corpus by a person in custody pursuant to the judgment of a State court. The
11 limitation period shall run from the latest of:

12 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking
13 such review;

14 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the
15 United States is removed, if the applicant was prevented from filing by such State action;
16

17 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively
18 applicable to cases on collateral review; or

19 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise
20 of due diligence.

21 28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

22 The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition
23 is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).
24 <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'
25 when its delivery and acceptance [by the appropriate court officer for placement into the record]
26 are in compliance with the applicable laws and rules governing filings."). However, absent some
27 other basis for tolling, the statute of limitations does run while a federal habeas petition is
28 pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

1      Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a
2 habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that
3 the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.
4 Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas
5 relief because he has not stated a cognizable federal claim.

6      If Petitioner wishes to proceed with this case, he must, **no later than <u>September 15,
7 2008</u>,** file a First Amended Petition which cures the pleading defects identified in this Order.
8 The Clerk of Court shall send a blank Southern District of California amended petition form to
9 Petitioner along with a copy of this Order.

10      **IT IS SO ORDERED.**

11 DATED: July 10, 2008

                                                           Marilyn L. Huff
12                                                  United States District Judge

13 CC:     ALL PARTIES

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28