**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOLAN JAMES FULCHER,<br><br>            Petitioner,<br>vs.<br><br>MATT MARTEL, Warden,<br><br>            Respondent. | CASE NO. 08cv1213-H (AJB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION and DENYING WRIT OF HABEAS CORPUS** |

On October 8, 2008, Nolan James Fulcher ("Petitioner"), a California prisoner proceeding pro se, filed a First Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the sufficiency of evidence supporting his transportation of cocaine charge, and challenging a denial of his right to effective assistance of counsel by denying his request for a continuance. (Doc. No. 6.) On December 16, 2008, Matt Martel ("Respondent"), filed his Answer with a Memorandum of Points and Authorities. (Doc. No. 9.) Petitioner did not file a Traverse to the Answer, nor has Petitioner requested additional time to file one. On March 23, 2009, the Magistrate Judge filed a Report and Recommendation, recommending that this Court deny the Petition for writ of habeas corpus. (Doc. No. 16.) Petitioner has not filed an Objection to the Report and Recommendation.

For the reasons set forth below, the Court ADOPTS the Report and Recommendation, and DENIES the Petition for writ of habeas corpus.

///

# Background

## A. Procedural History.

On August 18, 2006, a jury convicted Petitioner of one count of possession of cocaine base and one count of possession of cocaine in violation of Cal. Health & Safety Code § 11350(a), and two counts of transportation of cocaine in violation of Cal. Health & Safety Code § 11352(a). (Lodgment 1 at 121-26.) Petitioner admitted the truth of three prior convictions, three prior prison terms, and one prior strike. (Lodgment 1 at 192.) The trial court sentenced Petitioner to a ten-year prison term. (Lodgment 1 at 192.) The California Court of Appeal affirmed the judgment on February 20, 2008. (Lodgment 6.) The California Supreme Court denied review without comment or citation on April 30, 2008. (Lodgment 8.) On July 7, 1008, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. No. 1). This Court dismissed that petition for failure to state a cognizable federal claim. (Doc. No. 3.) On October 8, 2008, Petitioner filed the First Amended Petition in this Court. (Doc. No. 6.)

## B. Factual History.

The California Court of Appeal summarized the facts of Petitioner's offense as follows:

> At a preliminary hearing held on June 5, 2006, Chula Vista Police Officer Michael Varga testified as follows: On February 19, 2006, at approximately 11:00 p.m., he was at the Traveler's Inn Hotel located on Woodland Avenue, which is a high crime area known to the police for narcotics, gangs and weapons. Fulcher drove past him. Approximately two minutes later, Varga was leaving the hotel and saw Fulcher's vehicle wrongly parked in a spot marked for handicapped drivers. Fulcher was standing outside the vehicle, which did not have license plates identifying the user as handicapped. Varga asked him about his parking, and Fulcher said he was picking up laundry from a nearby laundromat. Varga ascertained Fulcher was on probation and started to search him. Fulcher ran from Varga, who caught him ten yards away and arrested him. Varga found in Fulcher's pocket a baggie containing 39 rock-like substances and a baggie containing a white powdery substance; the contents of both bags later tested presumptively positive for cocaine base.
>
> On August 14, 2006, trial proceedings began, and the People filed an amended information alleging one count of possession/purchase of cocaine base for sale and one count of possession for sale of a controlled substance. The next day, the prosecutor moved to file a second amended information adding two counts of transporting controlled substances under section 11352, subd. (a), and two additional enhancements under section 11370.2, subd. (a). The trial court granted the motion to amend the information ... Fulcher moved for a continuance, arguing the addition of the transportation charge required a different strategy, and "we might want to seek out and find ... additional witnesses" to prepare an adequate defense. The trial court denied the motion.

1  (Lodgment 6 at 2-3; <u>People v. Fulcher</u>, unpub. op., Cal. Ct. App., 4th Dist., Div. 1, February
2  20, 2008.)

**Discussion**

**A.    Standard of Review.**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2254(d) to provide the following standard of review applicable to state court decisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

For Petitioner to obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). The United States Supreme Court has stated that a federal court may grant habeas relief under the "contrary to" clause of § 2254(d)(1) if the state court either (1) "arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law," or (2) "decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 403 (2000).

A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) "if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 412-13. "Unreasonable application" must be objectively unreasonable to the extent that the state court decision is more than merely incorrect or erroneous. <u>Lockyer</u>

v. Andrade, 538 U.S. 63, 75 (2003).

Moreover, even if a state court decision is contrary to United States Supreme Court precedent or rests on an unreasonable determination of facts in light of the evidence, Petitioner must show that such error in the state court's ruling caused substantial or injurious prejudice. See Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993)). The state court's factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Because AEDPA creates a highly deferential standard towards state court rulings, state court decisions should be given the benefit of the doubt. Womack v. Del Papa, 497 F.3d 998, 1001 (9th Cir. 2007).

**B.    Sufficiency of Evidence.**

Petitioner first contends that there is insufficient evidence to support his transportation of cocaine conviction. (Doc. No. 6 at 6-7.) Petitioner alleges that the prosecution failed to introduce sufficient evidence to show that he possessed cocaine while driving his car, thus failing to prove beyond a reasonable doubt that he transported the cocaine. (Doc. No. 6 at 6.)

A conviction unsupported by substantial evidence denies a defendant due process of law. Juan H. V. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005). This is premised on the idea, embodied in the Fourteenth Amendment to the Federal Constitution, that requires proof beyond a reasonable doubt of every fact necessary to constitute a crime with which the defendant is charged. In re Winship, 397 U.S. 358, 364 (1970). However, when reviewing the substantiality of evidence supporting a conviction, the Court must view the evidence most favorable to the prosecution, and then examine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Because reviewing courts are deferential to jury verdicts, Petitioner faces a heavy burden in a federal habeas proceeding when challenging the sufficiency of the evidence under federal due process. See Allen, 408 F.3d at 1274-75.

When reviewing the sufficiency of the evidence after a conviction, this Court views the evidence in a light favorable to the conviction, and draws reasonable inferences from that

1  evidence.  See Jackson, 443 U.S. at 319.  For federal habeas review, this Court examines the
2  state court holding for objective unreasonableness.  Lockyer, 538 U.S. at 75.  Petitioner has not
3  shown that the state court employed an objectively unreasonable application of law.

4        Petitioner was arrested with two plastic bags, one that contained 39 rocks of cocaine base
5  that totaled 9.97 grams, and one that contained 28.14 grams of cocaine hydrochloride.
6  (Lodgment 2 at 185, 190, 259-63.)  Petitioner also had approximately $470 in cash on his
7  person, including two $100 bills, one $50 bill, six $20 bills, five $10 bills, two $5 bills, and
8  forty $1 bills.  (Lodgment 2 at 196-97.)  The arresting officer, who had extensive experience
9  with narcotic arrests, stated that the quantity of cocaine and the denomination of bills indicated
10 that Petitioner most likely intended to sell the cocaine as opposed to using it for personal use.
11 (Lodgment 2 at 191.)  In addition, Petitioner had previously been convicted of selling rock
12 cocaine (Lodgment 2 at 413-14), and Petitioner's phone rang almost ten times throughout the
13 arrest with all calls coming from a blocked number (Lodgment 2 at 191).

14       Moreover, Petitioner's statements would allow a jury to draw the reasonable inference
15 that he drove his car while in possession of the cocaine.  During direct examination, Petitioner
16 indicated:

17       Q.  And what were you going to do with Denise?
18       A.  Well, it was earlier – it was earlier that evening where several of us had got
19       together and put money together and I went up and picked up some cocaine and
20       we was all going to party.
21       ...
22       Q.  And how much stuff did you have?  Do you know?
23       A.  Well, it was like a ounce and a quarter like – that is what everybody is saying.
24       Q.  Did you buy more than one kind?
25       A.  Yeah.  I bought two kinds.
26       ...
27       Q.  At some point did you go over to the laundromat?
28       A.  Yes, ma'am.

(Lodgment 2 at 374-75.) A jury could draw the reasonable inference that Petitioner transported the cocaine in his car because he admitted to purchasing cocaine earlier in the night and admitted that the cocaine he possessed at arrest was the same amount of cocaine that he bought earlier in the night ("that is what everybody is saying"). (Lodgment 2 at 374-75.) Coupled with prior testimony that the amount of cocaine and the denomination of bills found on Petitioner at arrest, the jury could have drawn the reasonable inference that Petitioner must have been in possession of the cocaine while driving his car.

Accordingly, the Court denies the Petition in this ground.

### C.     Denial of Continuance.

A trial court's decision to deny a continuance of trial is within the discretion of the trial court and is reviewed for abuse of discretion. United States v. Riveria-Guerrero, 426 F.3d 1130, 1138 (9th Cir. 2005). Reviewing courts will look at the relevant factors and circumstances in a case to determine if the denial was arbitrary or unreasonable. Id. The court in Riveria-Guerrero examined four factors when reviewing for abuse of discretion: (1) a petitioner's diligence in preparing his case; (2) the likelihood that a continuance would serve a useful purpose; (3) whether the continuance would create inconvenience for the parties, the court, or witnesses; and (4) whether the petitioner was prejudiced by the denial of continuance. Id. at 1138-39. The fourth factor of the Riveria-Guerrero test – prejudice to petitioner from denial – must be established, while the other three factors are not dispositive. 426 F.3d at 1139. Moreover, a conviction will not be reversed for failure to grant a continuance unless the petitioner can show that he suffered actual and substantial prejudice. Martel v. County of Los Angeles, 56 F.3d 993, 995 (9th Cir. 1995).

Petitioner has not shown prejudice in this case. The state trial court granted the prosecution's request to amend the information to add the transportation counts, finding that there were sufficient facts in the preliminary testimony hearing to support the additional charges. (Lodgment 2 at 156, 159-61.) The trial court granted the motion in the interest of judicial economy and administration of justice, and because the scope of the new charges was

1 related to the existing charges. (Lodgment 2 at 159.) Moreover, granting a continuance would
2 have placed burdens on potential witnesses and counsel in terms of rescheduling because of
3 appointments or otherwise conflicting schedules. (Lodgment 2 at 11-12, 14.) The trial court's
4 discretion was not abused in this case because the factors considered and the decision reached
5 were neither arbitrary nor unreasonable.

6      Accordingly, the Court denies the Petition on this ground.

### Conclusion

8      For the reasons stated above, the Court ADOPTS the Magistrate Judge's Report and
9 Recommendation, DENIES the Petition for writ of habeas corpus, and DENIES a Certificate
10 of Appealability.

11 IT IS SO ORDERED.

12 DATED: July 13, 2009

14      MARILYN L. HUFF, District Judge
15      UNITED STATES DISTRICT COURT

16 COPIES TO:
17 All parties of record.